FILED
DEC 27 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

COLORADO RIVER INDIAN TRIBES,

*Plaintiff,*

v.

UNITED STATES,

*Defendant.*

No. 06-901 L

**COMPLAINT**

**NATURE OF ACTION**

1. This is an action by Plaintiff, the Colorado River Indian Tribes ("CRIT") seeking money damages from Defendant United States for breaches of trust, in violation of applicable legal duties, in the management and administration by the United States of the trust funds and assets of CRIT and/or assets to be used for the benefit of CRIT. This action arises out of the breach by the United States of constitutional, statutory, and regulatory duties owed to CRIT.

**PARTIES**

2. CRIT is a federally recognized Indian tribe organized pursuant to the *Indian Re-organization Act of 1934* (48 Stat. 984; 25 U.S.C. § 461 et seq.)

3. Defendant United States holds funds, land and other assets in trust for CRIT and is charged by law with carrying out trust duties and responsibilities in connection with the management and administration of CRIT's funds, land and other assets and the income derived therefrom and/or assets to be used for the benefit of CRIT.

## JURISDICTION

4. This Court has jurisdiction over this action under 28 U.S.C. §§ 1505 and 1491.

## ALLEGATIONS

5. The Colorado River Indian Reservation ("Reservation") was established by an Act of Congress dated March 3, 1865 (13 Stat. 559) and expanded by subsequent Executive Orders of November 22, 1873, November 16, 1874, and May 15, 1976, with the southern boundary of the Reservation to the east of the Colorado River confirmed by Public Law 109-47 (restoring lands covered by Executive Order dated November 22, 1915). CRIT occupies the Reservation, which consists of almost 270,000 acres of land located along both sides of the Colorado River in Arizona and California, and is the beneficial owner of this land, title to which is held in trust by the United States for the benefit of CRIT.

6. The trust assets held by the United States for the benefit of CRIT include the Reservation land and natural resources, including valuable sand, gravel and other mineral reserves, and fixtures and improvements located on or off the Reservation, including the Colorado River Indian Tribes Irrigation Project, the Headgate Rock Hydroelecric Power Plant which generates electrical power, and the electrical distribution system.

7. Land held in trust by the United States for the benefit of an Indian tribe is inalienable except as authorized by Congress. Congress has granted the Secretary of Interior ("Secretary") authority to approve uses of Indian trust lands by entities other than tribes, such as leases, easements, and rights-of-way.

8. As a result of congressional delegations of authority, the Secretary has exercised comprehensive control and supervision over the Reservation.

9. The Secretary also has exercised comprehensive control and supervision over CRIT's water resources and other trust assets, and/or assets to be used for the benefit of CRIT, including the management of tribal water rights and the generation and sale of hydroelectric power generated on the Reservation.

10. Various statutes and regulations, including 25 U.S.C. §§ 385a, 385c, 396a-e, 415, 3701 et seq., and 25 CFR Parts 162, 169, 171, 175 and 211, impose fiduciary obligations on the United States to administer, manage, and account for CRIT's trust property and resources, and to do so in such a manner as to ensure that CRIT obtains full and fair value for the lease, sale or use of its property and resources.

11. The Secretary and the Secretary of the Treasury are charged by law and regulation with the following responsibilities, among others:

(a) to collect income derived from CRIT's trust property, resources and assets in a timely fashion;

(b) to deposit such income in the United States Treasury and other depository institutions for CRIT's benefit;

(c) to hold such deposited funds and any accretions and additions thereto at interest, with appropriate and reasonable maturities for retained funds;

(d) to only disburse such funds as provided by applicable law; and

(e) to audit and reconcile such trust funds.

12. Various statutes and regulations, including 25 U.S.C. §§ 155, 161a and 162a, and 25 CFR Part 115 and § 160.4, impose fiduciary obligations on the United States to collect funds owing to the Tribe from the sale, lease, or use of Tribal land, resources or assets, to deposit those

funds in interest bearing accounts for the Tribe, to invest such funds and the interest on such funds in a prudent manner and at the highest available rate of return.

**COUNT ONE**

13. CRIT realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 12.

14. The United States has violated its fiduciary and legal duties to CRIT with regard to the management of CRIT's assets and/or assets to be used for the benefit of CRIT, and caused damages to CRIT, including financial losses, by:

a. failing to obtain the full value for the sale, lease, or use of these assets;

b. mismanaging the Tribe's land and resources;

c. failing to make resources available or impeding the availability to third parties that would otherwise be willing to compensate CRIT for the use of such resources and assets;

d. utilizing such resources and assets, including electricity generated on the Reservation, for its own use without compensation or without adequate compensation to CRIT;

e. allowing third parties to use or acquire such resources and assets without compensation or without adequate compensation to CRIT; and

f. impeding the development of such resources and assets.

**COUNT TWO**

15. CRIT realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 14.

16. The United States has violated its fiduciary and legal duties to CRIT with regard to the management of CRIT's assets and/or assets to be used for the benefit of CRIT, and caused damages to CRIT, including financial losses, by:

a. failing to collect and/or delaying in collecting funds due and owing to CRIT for the sale, lease, or use of such assets or products derived from such assets; and

b. failing to assess and/or delaying in assessing and collecting interest or penalties for late payments by lessors and/or purchasers of such assets or products derived from such assets.

c. failing to diligently enforce lease terms that require lessees to undertake specific actions for the benefit of CRIT, such as making the land amenable for agricultural production; and

d. failing to terminate leases in accordance with lease terms and applicable regulations, notwithstanding serious breaches for which a prudent owner would have required cancellation of such leases.

**COUNT THREE**

17. CRIT realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 16.

18. The United States has violated its fiduciary and legal duties to CRIT with regard to the management of CRIT's funds and/or funds to be spent for the benefit of CRIT, and caused damages to CRIT, by:

a. failing to deposit and/or delaying in depositing collected monies into the appropriate interest-bearing accounts;

b. failing to credit or otherwise properly record payments made for the sale, lease, or use of CRIT's assets and/or assets to be used for the benefit of CRIT, or products derived therefrom, to the correct account; and

c. failing to hold or invest funds at adequate and/or appropriate rates of return;

d. failing to implement effective cash management practices;

e. failing to utilize funds held at lower rates of interest or no interest before expending funds from higher yielding accounts;

f. failing to properly record all transactions relating to these funds;

g. expending or utilizing funds for purposes not for the exclusive benefit of CRIT and/or by applying funds in a manner not authorized by law; and

h. otherwise failing to invest and manage funds as a prudent trustee to earn the maximum income for CRIT.

WHEREFORE, CRIT prays:

1. For an award of damages in its favor, in an amount to be determined at trial, for the injuries and losses caused by the United States' violations of its fiduciary and legal responsibilities to CRIT.

2. For an award of interest, costs and attorney's fees as may be provided by law.

3. For such further relief as the Court deems equitable and just.

Respectfully submitted,

HOLLAND & KNIGHT LLP

Steven D. Gordon
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
Phone: (202) 955-3000
Facsimile: (202) 955-5564

*Counsel for Plaintiff*

Eric N. Shepard
Attorney General
Colorado River Indian Tribes
Route 1, Box 23-B
Parker, Arizona 85344

*Of Counsel for Plaintiff*

# 4200195_v5