IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COLORADO RIVER INDIAN TRIBES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-cv-00901L<br>Senior Judge Loren A. Smith |

**DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT, AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), Defendant respectfully makes this unopposed motion for extension of time, to and including April 27, 2007, within which to file its Answer or otherwise respond to the Complaint herein. The grounds for this motion are as follows:

1. Plaintiff filed this case on December 27, 2006. See Complaint, Doc. 1. Also on that day, Plaintiff filed a companion case for declaratory and injunctive relief in the United States District Court for the District of Columbia, Colorado River Indian Tribes v. Kempthorne, No. 06-cv-02212-JR (D.D.C.). Plaintiff's allegations in both cases relate to the trust accounting and trust management duties and responsibilities allegedly owed by Defendant to Plaintiff.

2. Currently, Defendant is obligated to file its Answer or otherwise respond to the Complaint in this case by February 27, 2007.

3. Since the filing of Plaintiff's lawsuits, counsel for the parties have conferred by telephone several times and met in person once. Among other things, they have discussed exploring the possibility of resolving Plaintiff's issues and claims, not only in this case but also in the

companion case, Colorado River Indian Tribes, No. 06-cv-02212-JR, through settlement discussions. Further, they have discussed the possibility of the parties conducting informal requests and productions of relevant or potentially relevant documents and data that would enable or facilitate settlement discussions. Additionally, they have discussed the possibility of a temporary stay of litigation or extensions of time for Defendant to file its Answer or otherwise respond to the Complaint, so as to enable or facilitate settlement discussions.

4. Also, Defendant's counsel have informed Plaintiff's counsel that there are presently about 103 Tribal trust accounting and trust mismanagement lawsuits pending against Defendant in this Court,[1/] in the United States District Court for the District of Columbia,[2/] and in the United States District Courts in Oklahoma.[3/] See Defendant's Exhibit (Def. Exh.) 1. Given the number of cases, especially those in this Court, Defendant is of the view that it would be in the best interests of the Tribes in litigation and Defendant to work together and, if possible, formulate and execute an appropriate joint and cooperative response to or method for handling or resolving the cases without the need for litigation, if possible. To that end, Defendant's counsel has been and continues to be working diligently with attorneys from the Solicitor's Office for the United States Department of the Interior and from the Chief Counsel's Office for the Financial Management Service of the United

---

1/ There are currently 57 Tribal trust cases in the Court of Federal Claims. See Defendant's Exhibit (Def. Exh.) 1.

2/ There are currently 37 Tribal trust cases in the United States District Court for the District of Columbia. Exh. 1. Most of the Tribes bringing these lawsuits (like Plaintiff) have also filed companion cases in the Court of Federal Claims. Id.

3/ There are currently nine Tribal trust cases in the United States District Courts in Oklahoma. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id.

States Department of the Treasury (i.e., the federal agencies principally involved in the Tribal trust accounting and trust mismanagement issues and claims raised by the Tribes, including Plaintiff herein) and with counsel for most of the Tribes in the cases, to determine the feasibility of developing a joint cooperative approach for resolving the Tribes' issues and claims as an alternative to litigation.

5. With respect to this case, as well as Plaintiff's companion case, Colorado River Indian Tribes, No. 06-cv-02212-JR, Plaintiff and Defendant have been and continue to be conferring about the possibility of such a cooperative approach for resolving Plaintiff's issues and claims. Defendant believes that the parties will require additional time to complete their discussions, determine whether and how to develop a process for obtaining relevant or potentially relevant documents so as to advance the case and for exploring potential settlement of some or all of Plaintiff's issues and claims, and implement that process. Further, Defendant believes that, on or before April 27, 2007, they may be able to determine whether and how to proceed with Plaintiff's issues and claims in this case, as well as Colorado River Indian Tribes, No. 06-cv-02212-JR, and to so inform the Court.

6. Among other things, Defendant has been and continues to be working diligently on preparing responses to not only the allegations in the Complaint but also Plaintiff's informal document and data request, in this case and in Plaintiff's companion case, Colorado River Indian Tribes v. Kempthorne, No. 06-cv-02212-JR. Defendant needs additional time in order to complete its work, however. Specifically, as to its Answer or response to the Complaint, Defendant needs further time to finish its draft Answer or response, submit the document for review and comment by the appropriate officials and personnel at the Departments of Justice, the Interior, and the

Treasury, incorporate or address any comments, and finalize and file the document.

7. Based on the foregoing, Defendant respectfully requests that the Court grant its unopposed motion to extend the current deadline for filing its Answer or otherwise responding to the Complaint, from February 26, 2007, to April 27, 2007.

8. Defendant's counsel, Anthony P. Hoang, conferred with Plaintiff's counsel, Stephen J. McHugh, on February 20-22, 2007, about this motion, and Mr. McHugh authorized Defendant to state that Plaintiff does not oppose the granting of the motion.

9. The granting of this motion would serve the public interest by promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein.

WHEREFORE, Defendant requests that its unopposed motion be GRANTED.

Respectfully submitted this 23rd day of February, 2007,

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663

Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

KENNETH DALTON
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

TERESA E. DAWSON
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227