IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COLORADO RIVER INDIAN TRIBES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-00901L |
| | ) | Senior Judge Loren A. Smith |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S SECOND UNOPPOSED MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT, AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), Defendant respectfully makes this second unopposed motion for extension of time, to and including September 4, 2007, within which to file its Answer or otherwise respond to the Complaint herein. The Answer was due April 27, 2007.[1/] The grounds for this unopposed motion are as follows:

1. Plaintiff filed this case on December 27, 2006. See Complaint, Doc. 1. Also on that day, Plaintiff filed a companion case for declaratory and injunctive relief in the United States District Court for the District of Columbia, Colorado River Indian Tribes v. Kempthorne, No. 06-cv-02212-JR (D.D.C.). Plaintiff's allegations in both cases relate to the trust accounting and trust management duties and responsibilities allegedly owed by Defendant to Plaintiff.

2. Since the filing of Plaintiff's lawsuits, counsel for the parties have been and continue to be conferring about the possibility of resolving Plaintiff's issues and claims in this case and in the companion case in the District Court, Colorado River Indian Tribes, No. 06-cv-02212-JR, through

---

[1/] Defendant is filing an unopposed motion for leave to file out of time this second unopposed enlargement motion.

settlement discussions. Further, they have been and continue to be discussing staying the litigation temporarily or extending the litigation deadlines in the cases, so that they can undertake settlement discussions. Also, counsel for the parties have been and continue to be working together to address informational and documentary needs, so as to enable or facilitate settlement discussions. Thus far, it appears that the parties are making progress in their discussions.

3. Specifically, Plaintiff has provided informal requests for certain documents and data to Defendant. Defendant is compiling and imaging and/or coding certain materials that are responsive to Plaintiff's requests for production. Additionally, Defendant has been and continues to be identifying other responsive documents and data, has conducted pre-inspection document privilege reviews, and is preparing to make responsive documents and data available to Plaintiff for inspection. Further, Plaintiff and Defendant are negotiating the terms and conditions of a proposed joint stipulation and order to protect the confidentiality of certain documents and data to be produced by Defendant to Plaintiff.

4. It appears from the foregoing that the parties are working toward a cooperative approach for providing relevant or potentially relevant documents and data relating to and possibly resolving Plaintiff's issues and claims. The parties require additional time to complete their current discussions and processes, especially those relating to the proposed joint stipulation and order protecting document and data confidentiality and to the production of records and information requested by Plaintiff thus far. Based on what the parties have done so far, Defendant believes that the parties will be able to build upon the results of their discussions and processes and advance the development and implementation of the contemplated cooperative approach for resolving this case and the companion case in the United States District Court. To the extent that such a resolution is

possible, it would obviate the need for the parties to litigate, and for this Court and the District Court to adjudicate, the merits of the respective cases.

5. Under the Court's Order dated March 5, 2007, Defendant was obligated to file its Answer or otherwise respond to the Complaint in this case by April 27, 2007. Based on the progress that the parties were making in their discussions and processes, Defendant's counsel saw the possibility that the parties would agree upon an unopposed request by Defendant for additional time to respond to the Complaint, so that the parties could continue or complete their discussions and processes. Defendant's counsel inadvertently missed the April 27, 2007 filing deadline, however, because Defendant's counsel mistakenly believed that the Answer was due the same day (May 4, 2007), as its Answer in the companion case in the District Court, Colorado River Indian Tribes, No. 06-cv-02212-JR. Also, Defendant's counsel have been and continue to be preoccupied with the handling of other Tribal trust accounting and trust mismanagement cases, including but not limited to Ak-Chin Indian Community v. United States, No. 06cv02245-JR (D.D.C.); Osage Nation of Oklahoma v. United States, No. 99-cv-00550-ECH and No. 00-cv-169-ECH (Fed. Cl.) (consolidated cases); Passamaquoddy Tribe of Maine v. United States, No. 06cv02240-JR (D.D.C.); Salt River Pima-Maricopa Indian Community v. United States, No. 06cv02241-JR (D.D.C.); Swinomish Indian Tribal Community v. United States, No. 06-cv-00899-FMA (Fed. Cl.); and Tohono O'odham Nation v. United States, No. 06cv02236-JR (D.D.C.). Defendant's counsel regret any inconvenience to the Court and to Plaintiff as a result of their inadvertent errors.

6. Based on the foregoing, Defendant respectfully request that the Court grant its unopposed motion to enlarge the current deadline for filing its Answer or otherwise responding to the Complaint, from April 27, 2007, to September 4, 2007.

7. Defendant's counsel conferred with Plaintiff's counsel, Stephen J. McHugh, on April 29-May 4, 2007, about this motion. Mr. McHugh authorized undersigned counsel in writing on May 4, 2007, to state that Plaintiff does not oppose the granting of the motion.

8. The granting of this unopposed motion would serve the public interest by promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein.

WHEREFORE, Defendant requests that its unopposed motion be GRANTED.

Respectfully submitted this 4th day of May, 2007,

MATTHEW J. McKEOWN
Acting Assistant Attorney General

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

KENNETH DALTON
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

RACHEL HOWARD
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227