# In the United States Court of Federal Claims

| | | |
|---|---|---|
| COLORADO RIVER INDIAN TRIBES,<br>*Plaintiffs*, | | Case No. 06-901L |
| v. | | Filed: October 16, 2007 |
| THE UNITED STATES OF AMERICA,<br>*Defendant*. | | Senior Judge Loren A. Smith |

**ORDER**

This matter is before the Court on the parties' joint stipulation regarding confidentiality of certain documents, data, and, other materials to be provided by Defendant to Plaintiff in this case. Upon consideration of the joint stipulation and for good cause shown, it is hereby **ORDERED** that

1. The Joint Stipulation associated herewith and contained herein is **APPROVED**;

2. This Order and the associated Joint Stipulation govern the provision of Confidential Materials by Defendant to Plaintiff, regardless of the context (i.e., in litigation, ADR, or informal settlement discussions) in which the provision occurs.

3. Plaintiff shall not use the Confidential Materials, or their contents, for any purpose, other than this litigation (including any ADR process, informal settlement discussions, and appeals therein) or any related administrative proceedings before the United States Department of the Interior ("Interior Department"), if any. Any information contained in the Confidential Materials shall be kept strictly confidential by Plaintiff's attorneys and Plaintiff's designees, and the information contained therein shall not be disclosed, made public, or made available to anyone,

except as specifically provided in this Order or by such further Order that this Court may enter.

4. Any documents, data, or other materials made available by Defendant to Plaintiff's attorney[s] or Plaintiff's designee[s] for inspection in this case shall be deemed Confidential for purposes of the inspection. Any images or copies of Confidential Materials that are provided to Plaintiff shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE." Plaintiff and Defendant may agree to forego Defendant's review to determine the confidentiality of certain documents, data, and other materials to be provided to Plaintiff, in which case Defendant shall include on those documents, data, and other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents, data, and other materials to Plaintiff. All documents, data, and other materials so endorsed shall be deemed Confidential Materials and protected as such under the Joint Stipulation and this Order. Information relating exclusively to other Tribes or entities or to funds, lands, and resources to which Plaintiff does not claim a legal interest shall not be produced to Plaintiff, unless Plaintiff and Defendant agree that such production would be appropriate and necessary for the purposes of this case. If Plaintiff intends to file documents, data, or other materials that have been endorsed as Confidential Materials with the Court as evidence or for any other purpose, it shall follow the procedures set forth in the Joint Stipulation and this Order. Alternatively, Plaintiff may request that Defendant review certain endorsed documents, data, or other materials to determine if they contain confidential information; redact any confidential information; and produce a version of the documents, data, or other materials, after the necessary redactions, for filing with the Court without the Confidential Materials endorsement. After the documents, data, or other materials have been redacted or otherwise determined not to contain Confidential Materials, the documents, data, or other materials shall no

longer be considered confidential and subject to this Joint Stipulation and the associated Order. If Plaintiff wishes to retain beyond the termination of the case (see Paragraph 10 below) certain documents, data, or other materials that have been endorsed as Confidential Materials, it may request that Defendant undertake the foregoing review procedure as to those documents, data, or other materials, and produce a version of the documents, data, or other materials without the Confidential Materials endorsement. After the documents, data, or other materials have been redacted or otherwise determined not to contain Confidential Materials, the documents, data, or other materials shall no longer be considered confidential and subject to this Order and the associated Joint Stipulation.

5. Plaintiff and Defendant shall share equally the costs of copying or imaging documents, data, and other materials to be produced to Plaintiff, with one exception: Defendant shall bear the entire cost of the copying or imaging that the Office of Historical Trust Accounting ("OHTA") of the Interior Department has conducted, as of the date of this Joint Stipulation, of some of the documents that comprise the collection of work papers of Arthur Andersen, LLP, that is associated with the Interior Department's Tribal trust fund account reconciliation project (commonly referred to as the "Arthur Andersen work papers.") Copying or imaging charges shall be billed at reasonable rates calculated to cover only the actual costs of copying or imaging, commensurate with the size and difficulty of the requested documents, and shall not exceed 41 cents per standard-sized page. The parties may confer and negotiate a different page imaging cost limit, as necessary and appropriate. Plaintiff's agreement to share costs under this paragraph does not constitute and shall not be construed as a waiver of (a) Plaintiff's right, if any, to obtain or demand the payment for the costs associated with the production of documents, records, or materials pursuant to Pub. Law 93-

638, as amended, or (b) Plaintiff's right, if any, to an accounting from Defendant.

6. Any notes or dictation tapes or media containing electronically stored information that are made as part of a review of the Confidential Materials and that contain information regarding the Confidential Materials shall include the endorsement CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" and shall be subject to the same provisions as copies or images of the Confidential Materials.

7. The Confidential Materials may be disclosed without further Court approval only to the following: (1) the Court or any settlement judge or mediator appointed, designated, or selected to work with the parties in this case; (2) the attorney(s) of record in this case, as well as the attorney(s), paralegal(s), and support staff in his/her/their office(s) who are involved in the ordinary course of representing Plaintiff herein; and (3) Plaintiff's designees in this case. The attorney(s) of record in this case; the attorney(s), paralegal(s), and support staff in the office(s) of the attorney(s) of record; and Plaintiff's designees may have access to the Confidential Materials, provided, however, that, before gaining access to the Confidential Materials, each the person shall execute an "Affidavit of Confidentiality," in the form attached herewith as Exhibit "A," and provide the Affidavit to Plaintiff's attorney(s) of record. (No Affidavit of Confidentiality need be executed by support staffers who simply handle or file the Confidential Materials but do not review their contents). The executed Affidavits of Confidentiality shall be maintained by Plaintiff's attorney(s) of record.

8. Confidential Materials shall be filed under seal by the Clerk of Court in the event that such materials are filed into the court record as evidence or exhibits or for any other purpose. The parties herein shall not file with the Court at any time any pretrial motion, brief, pleading, or other

filing in this case, quoting, or paraphrasing Confidential Materials or containing information obtained from Confidential Materials, unless the confidential portion of any such motion, brief, pleading, or other filing is filed under seal with the Clerk of the Court. Materials or pleadings filed under seal shall be filed in accordance with General Order No. 42A of the Court of Federal Claims and other applicable court rules, policies, and Orders. The parties are hereby authorized to electronically file under seal Confidential Materials and any pretrial motion, brief, pleading, or other filing in this case, quoting, or paraphrasing Confidential Materials.

9. It shall be the responsibility of Plaintiff's attorney(s) of record herein, as well as the attorney(s) working with Plaintiff's attorney(s) of record on this case, and of any other person possessing Confidential Materials, to employ reasonable measures, consistent with this Order and the associated Joint Stipulation, to control duplication of, access to, and distribution of the Confidential Materials.

10. All Confidential Materials, copies thereof, or extracts that constitute Confidential Materials under this Order be returned to counsel for Defendant or else destroyed immediately upon the termination of this litigation (including the resolution of any applicable appeals) or the termination of any related administrative proceedings, if any, before the Interior Department, whichever occurs later. At that time, all individuals who have executed an Affidavit of Confidentiality pursuant to Paragraph 7 of this Order that still have access to such Confidential Materials shall certify in writing that all such Confidential Materials, copies thereof, or extracts that constitute Confidential Materials have been returned or destroyed. Plaintiff's attorney(s) of record shall maintain these certification and shall provide a copy thereof to counsel for Defendant upon request.

11. If Plaintiff disputes Defendant's assertion and designation that a document, data, or information is/are subject to confidentiality protection under federal law or regulations, Plaintiff shall notify Defendant in writing and state therein the grounds for disputing Defendant's assertion and designation of confidentiality. Thereafter, the parties herein shall initiate discussions to attempt to resolve the dispute. If the parties do not resolve the dispute within 30 days of the written notification,, Plaintiff may file a motion to seek a ruling from the Court regarding Defendant's assertion and designation regarding confidentiality.

12. Until further order of this Court, this Order and the associated Joint Stipulation shall remain in full force and effect after the dismissal of the case and regardless of whether the parties reach settlement.

It is so **ORDERED**.

_s/Loren A. Smith____
HON. LOREN A. SMITH
Judge, United States Court of Federal Claims

# EXHIBIT A

# In the United States Court of Federal Claims

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | | |
| | * | |
| COLORADO RIVER INDIAN TRIBES, | * | |
| *Plaintiffs*, | * | Case No. 06-901L |
| | * | |
| v. | * | Senior Judge Loren A. Smith |
| | * | |
| THE UNITED STATES OF AMERICA, | * | |
| *Defendant*. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * | | |

## AFFIDAVIT OF CONFIDENTIALITY

STATE OF ____________________________,

1. My name is ______________________. I live at __________________________.

I am serving as (counsel) (an expert) (a paralegal or legal assistant) on behalf of ______________________ in the above-captioned case.

2. I certify that I have read and understood the entire Joint Stipulation of Confidentiality, as well as the associated Order, both of which are attached hereto and incorporated herewith as Exhibit 1. I agree to undertake and abide fully and completely by the terms of the Joint Stipulation of Confidentiality and the associated Order.

3. In particular, and without limitation of the foregoing, I recognize that the Confidential Materials to which I have access as part of my work on this case may contain privileged proprietary information; I agree to keep confidential the information contained in the Confidential Materials; I shall not disclose to, reveal to, or discuss with any person, in any way, any Confidential Materials, or the facts and information contained therein, other than as authorized by the attached Joint Stipulation of Confidentiality and the associated Order; and I shall not use the Confidential

Materials, or the facts and information contained therein, for any purpose, except as authorized by the Joint Stipulation of Confidentiality and the associated Order.

4. I agree that, upon (a) the termination of the above-captioned case, or (b) the conclusion of my involvement with the above-captioned case, whichever occurs first, I shall execute an affidavit certifying that I have returned or destroyed all such Confidential Materials, as set forth in the attached Joint Stipulation of Confidentiality and the associated Order.

5. I understand that, if I disclose or reveal any Confidential Materials, or the facts and information contained therein, in violation of the attached Joint Stipulation of Confidentiality and the associated Order, I may be subject to all applicable sanctions, including the penalties imposed by the Court for contempt.

____________________________________
(NAME OF AFFIANT)

SWORN TO AND SUBSCRIBED BEFORE ME,

THIS _____ DAY OF _________________, 200_,

_______________________
NOTARY PUBLIC