IN THE UNITED STATES COURT OF FEDERAL CLAIMS

COLORADO RIVER INDIAN TRIBES, )
)
Plaintiff, )
)
v. ) No. 06-cv-901 L
) Senior Judge Loren A. Smith
UNITED STATES OF AMERICA, )
)
Defendant. )
)

**DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO FILE ITS ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT, AND [PROPOSED] ORDER**

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims (RCFC), Defendant United States respectfully makes this unopposed request for an enlargement of time, to and including March 3, 2008, within which to file its Answer or otherwise respond to the Complaint in this case. Under this Court's order dated September 5, 2007, the filing deadline for the Answer or response is currently January 3, 2008. Docket (Dkt.) 11. This unopposed motion is Defendant's fourth such motion.

The grounds for the unopposed motion are as follows:

1. Plaintiff filed this case on December 27, 2006. See Complaint, Docket (Dkt.) 1. On the same day, it filed a companion case for declaratory and injunctive relief in the United States District Court for the District of Columbia. See Colorado River Indian Tribes v. Kempthorne, No. 06-cv-2212-JR (D.D.C.). The allegations in both cases concern trust accounting and trust management duties that Defendant allegedly owes to Plaintiff.

2. Since the filing of Plaintiff's lawsuits, counsel for the parties have been and continue to be engaged in a joint, cooperative effort to resolve both lawsuits through settlement discussions. To enable and facilitate that effort, the parties have been and continue to be involved in a joint,

cooperative search for, and informal exchange or production of, documents, data and other materials that are relevant or potentially relevant to the issues and claims raised by Plaintiff in its cases. The parties have agreed to extend by 60 days the deadline for the filing of the Answer or Defendant's other responsive pleading, so that they can continue with their informal settlement discussion and document and data production and exchange efforts.

3. As previously reported, Plaintiff has submitted informal requests for certain documents and other materials to Defendant. Defendant has reviewed and identified the documents responsive to Plaintiff's request, and it has been and continues to be imaging and coding those responsive documents, in preparation for production to Plaintiff. Further, Defendant is conducting privilege reviews of the document images, so that it can produce to Plaintiff the non-privileged images, as well as the draft privilege log identifying the withheld privileged documents.

4. Certain of the documents and data requested by Plaintiff contain statutorily protected confidential materials. To enable the production of such confidential materials to Plaintiff, the parties have negotiated and filed with this Court, as well as the United States District Court for the District of Columbia, joint stipulations and proposed confidentiality protective orders. See Parties' Joint Stipulation, [Proposed] Order, and Exhibit A Regarding Confidentiality of Certain Documents, Data, and Other Materials to be Provided by Defendant to Plaintiff, filed October 15, 2007 (Dkt. 12); see also Colorado River Indian Tribes v. Kempthorne, No. 06-cv-2212-JR, Parties' Joint Stipulation, [Proposed] Order, and Exhibit A Regarding Confidentiality of Certain Documents, Data, and Other Materials to be Provided by Defendant to Plaintiff, filed October 15, 2007 (Dkt. 16). This Court approved and entered the parties' joint stipulation as a protective order on October 16, 2007. Dkt. 13. The parties are awaiting the District Court's action on the joint stipulation and proposed order

in the District Court case. Defendant holds the view that the parties should have protective orders entered in both cases, before the production of confidential materials begins.

5. Upon the entry of a document and data confidentiality protective order in Plaintiff's companion case before the United States District Court, Defendant will endorse, with the appropriate legend, and begin producing to Plaintiff the non-privileged, confidential materials that Defendant has identified, imaged, coded, and reviewed to date. As set forth in the joint document and data confidentiality stipulation and protective order (Dkts. 12, 16), Defendant will conduct the appropriate confidentiality reviews after producing the images to Plaintiff and thereafter produce to Plaintiff the appropriately marked document images.

6. On December 28, 2007, counsel for the parties conferred by telephone about the progress, pace, and projected schedule of Defendant's document response and production efforts. Among other things, counsel for Defendant stated that Defendant would make its best efforts to produce more of the requested documents and data, if not complete the production, in the next 60 days. Defendant understands that the completeness of its production (especially with respect to confidential materials) will depend, in relevant part, on the approval and entry of a document and data confidentiality protective order by the United States District Court in Plaintiff's companion case. The parties expect that Defendant's responses to Plaintiff's document and data production will enable or assist the parties to move forward with their settlement discussion efforts.

7. The counsel for the parties discussed, by telephone and e-mail, Defendant's request for extension of the filing deadline of its Answer or response to the Complaint on December 28 and 31, 2007. On December 31, Plaintiff's counsel, Stephen McHugh, informed Defendant's counsel, Anthony P. Hoang, by e-mail and telephone that Plaintiff does not oppose Defendant's request.

8. The granting of this unopposed motion will serve the public interest by promoting judicial economy and conserving the parties' limited resources. Further, the granting of the motion will not cause undue prejudice or injury to the rights and interests of the parties herein. If the parties are successful in the efforts that Defendant has described above, they will have resolved Plaintiff's issues and claims in this case, as well as the companion case in the United States District Court, without the need for protracted litigation.

WHEREFORE, Defendant respectfully requests that its unopposed motion be GRANTED.

Respectfully submitted this 31st of December, 2007,

RONALD J. TENPAS
Assistant Attorney General

By: s/ *Matthew M. Marinelli*
MATTHEW M. MARINELLI
matthew.marinelli@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0293
Fax: (202) 353-0506

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
anthony.hoang@usdoj.gov
MARK S. BARRON
mark.barron@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0490
Fax: (202) 353-2021

KENNETH DALTON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20217