# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| COLORADO RIVER INDIAN TRIBES, )<br><br>*Plaintiff,* )<br><br>v. )<br><br>UNITED STATES, )<br><br>*Defendant.* ) | No. 06-901L |

## FIRST AMENDED COMPLAINT

## NATURE OF ACTION

1. This is an action by Plaintiff, the Colorado River Indian Tribes ("CRIT") seeking money damages from Defendant United States for breaches of trust, in violation of applicable legal duties, in the management and administration by the United States of the trust funds and assets of CRIT and/or assets to be used for the benefit of CRIT. This action arises out of the breach by the United States of constitutional, statutory, and regulatory duties owed to CRIT.

## PARTIES

2. CRIT is a federally recognized Indian tribe organized pursuant to the *Indian Reorganization Act of 1934* (48 Stat. 984; 25 U.S.C. § 461 et seq.)

3. Defendant United States holds funds, land and other assets in trust for CRIT and is charged by law with carrying out trust duties and responsibilities in connection with the management and administration of CRIT's funds, land and other assets and the income derived therefrom and/or assets to be used for the benefit of CRIT.

## JURISDICTION

4.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1505 and 1491.

## ALLEGATIONS

5.     The Colorado River Indian Reservation ("Reservation") was established by an Act of Congress dated March 3, 1865 (13 Stat. 559) and expanded by subsequent Executive Orders of November 22, 1873, November 16, 1874, and May 15, 1876, with the southern boundary of the Reservation to the east of the Colorado River confirmed by Public Law 109-47 (restoring lands covered by Executive Order dated November 22, 1915). CRIT occupies the Reservation, which consists of almost 270,000 acres of land located along both sides of the Colorado River in Arizona and California, and is the beneficial owner of this land, title to which is held in trust by the United States for the benefit of CRIT.

6.     The trust assets held by the United States for the benefit of CRIT include the Reservation land and natural resources, including valuable sand, gravel and other mineral reserves, water rights. and fixtures and improvements located on or off the Reservation, including the Colorado River Indian Tribes Irrigation Project ("Irrigation Project"), the Headgate Rock Hydroelectric Power Plant which generates electrical power, and the electrical distribution system.

7.     Land held in trust by the United States for the benefit of an Indian tribe is inalienable except as authorized by Congress. Congress has granted the Secretary of Interior ("Secretary") authority to approve uses of Indian trust lands by entities other than tribes, such as leases, easements, and rights-of-way.

8.     As a result of congressional delegations of authority, the Secretary has exercised comprehensive control and supervision over the Reservation.

9.     The Secretary also has exercised comprehensive control and supervision over CRIT's water resources and other trust assets, and/or assets to be used for the benefit of CRIT, including the management of tribal water rights and the generation and sale of hydroelectric power generated on the Reservation. The management of CRIT's water resources is carried out primarily, but not exclusively, by diverting or pumping water from the Colorado River and delivering this water to Reservation lands by means of the Irrigation Project.

10.     Various statutes and regulations, including 25 U.S.C. §§ 385, 385a, 385c, 396a-e, 415, 3701 et seq., and 25 CFR Parts 162, 166, 169, 171, 175 and 211, impose fiduciary obligations on the United States to administer, manage, and account for CRIT's trust property and resources, and to do so in such a manner as to ensure that CRIT obtains full and fair value for the lease, sale or use of its property and resources.

11.     The United States has controlled the Irrigation Project from its inception. Various statutes and regulations, including 25 U.S.C. §§ 385, 385a, and 25 CFR Part 171, impose fiduciary obligations on the United States to administer, manage, and maintain the Irrigation Project for the benefit of CRIT. Among other things, the United States is obliged to establish irrigation operation and maintenance rates that are adequate to operate and maintain the Irrigation Project. The United States is further obliged to collect such operation and maintenance fees from Irrigation Project users, to deposit such fees into a trust account, to invest them appropriately, and to expend the funds on the Irrigation Project.

12.     In 2006, the General Accountability Office ("GAO") reported that the Irrigation Project has not been adequately maintained and that the Bureau of Indian Affairs ("BIA") estimated the project's total deferred maintenance costs to be $134,758,664. In April 2007 the BIA published a notice of Rate Adjustments for Indian Irrigation Projects in which it

acknowledged that operation and maintenance revenues were insufficient to maintain the projects because operation and maintenance rates had not been based on the full cost of delivering water, including the costs of systematically rehabilitating and replacing project facilities and equipment, and because project personnel did not seek regular rate increases to cover the full cost of operation.

13.     The Secretary and the Secretary of the Treasury are charged by law and regulation with the following responsibilities, among others:

(a)     to collect income derived from CRIT's trust property, resources and assets in a timely fashion;

(b)     to deposit such income in the United States Treasury and other depository institutions for CRIT's benefit;

(c)     to hold such deposited funds and any accretions and additions thereto at interest, with appropriate and reasonable maturities for retained funds;

(d)     to only disburse such funds as provided by applicable law; and

(e)     to audit and reconcile such trust funds.

14.     Various statutes and regulations, including 25 U.S.C. §§ 155, 161a, 162a, and 4043(b)(2)(B), and 25 CFR Part 115 and § 160.4, impose fiduciary obligations on the United States to collect funds owing to the Tribe from the sale, lease, or use of Tribal land, resources or assets, to deposit those funds in interest bearing accounts for the Tribe, to invest such funds and the interest on such funds in a prudent manner and to maximize the total return obtained on such funds.

## COUNT ONE

15.    CRIT realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 14.

16.    The United States has violated its fiduciary and legal duties to CRIT with regard to the management of CRIT's assets and/or assets to be used for the benefit of CRIT, and caused damages to CRIT, including financial losses, by:

a.    failing to obtain the full value for the sale, lease, or use of these assets;

b.    mismanaging the Tribe's land and resources;

c.    failing to make resources available or impeding the availability to third parties that would otherwise be willing to compensate CRIT for the use of such resources and assets;

d.    utilizing such resources and assets, including electricity generated on the Reservation, for its own use without compensation or without adequate compensation to CRIT;

e.    allowing third parties to use or acquire such resources and assets without compensation or without adequate compensation to CRIT and

f.    impeding the development of such resources and assets.

## COUNT TWO

17.    CRIT realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 16.

18.    The United States has violated its fiduciary and legal duties to CRIT with regard to the management of CRIT's assets and/or assets to be used for the benefit of CRIT, and caused damages to CRIT, including financial losses, by:

a.     failing to collect and/or delaying in collecting funds due and owing to CRIT for the sale, lease, or use of such assets or products derived from such assets; and

b.     failing to assess and/or delaying in assessing and collecting interest or penalties for late payments by lessors and/or purchasers of such assets or products derived from such assets.

c.     failing to diligently enforce lease terms that require lessees to undertake specific actions for the benefit of CRIT, such as making the land amenable for agricultural production; and

d.     failing to terminate leases in accordance with lease terms and applicable regulations, notwithstanding serious breaches for which a prudent owner would have required cancellation of such leases, including the failure to take action against delinquent and holdover tenants to recover possession of CRIT's land and failing to pursue additional remedies available under applicable law against such holdover and delinquent tenants.

**COUNT THREE**

19.     CRIT realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 18.

20.     The United States has violated its fiduciary and legal duties to CRIT with regard to the management of CRIT's funds and/or funds to be spent for the benefit of CRIT, and caused damages to CRIT, by:

a.     failing to deposit and/or delaying in depositing collected monies into the appropriate interest-bearing accounts;

b.       failing to credit or otherwise properly record payments made for the sale, lease, or use of CRIT's assets and/or assets to be used for the benefit of CRIT, or products derived therefrom, to the correct account; and

c.       failing to hold or invest funds at adequate and/or appropriate rates of return;

d.       failing to invest and manage funds so as to maximize the total return thereon;

e.       failing to implement effective cash management practices;

f.       failing to utilize funds held at lower rates of interest or no interest before expending funds from higher yielding accounts;

g.       failing to properly record all transactions relating to these funds;

h.       expending or utilizing funds for purposes not for the exclusive benefit of CRIT and/or by applying funds in a manner not authorized by law; and

i.       otherwise failing to invest and manage funds as a prudent trustee to earn the maximum income for CRIT.

## COUNT FOUR

21.       CRIT realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 20.

22.       The United States has violated its fiduciary and legal duties to CRIT with regard to the maintenance of the Irrigation Project and caused damages to CRIT, including financial losses, by:

a.       failing to preserve and maintain the Irrigation Project;

b.       failing to establish sufficient operation and maintenance rates; and

c.       failing to collect operation and maintenance fees, and to appropriately invest and manage the fees it collected.

WHEREFORE, CRIT prays:

1.  For an award of damages in its favor, in an amount to be determined at trial, for
    the injuries and losses caused by the United States' violations of its fiduciary and
    legal responsibilities to CRIT.

2.  For an award of interest, costs and attorney's fees as may be provided by law.

3.  For such further relief as the Court deems equitable and just.

Respectfully submitted this 21st day of February, 2008.

HOLLAND & KNIGHT LLP


s/ *Steven D. Gordon*
Steven D. Gordon
steven.gordon@hklaw.com
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
Phone: (202) 955-3000
Facsimile: (202) 955-5564

Attorney of Record for Plaintiff

OF COUNSEL:

Eric N. Shepard
Attorney General
Colorado River Indian Tribes
Route 1, Box 23-B
Parker, Arizona 85344

# 4200195_v11