UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COLORADO RIVER INDIAN TRIBES, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-cv-00901L<br>Senior Judge Loren A. Smith |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant hereby submits the following Answer to the First Amended Complaint. (Docket No. ("Dkt.") 17).

Defendant specifically denies each and every allegation of the First Amended Complaint that is not admitted, denied, qualified, or otherwise expressly addressed in this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the First Amended Complaint.

**NATURE OF ACTION**

1. The allegations in Paragraph 1 constitute Plaintiff's characterizations of its case to which no response is required.

**PARTIES**

2. As to the allegations in Paragraph 2, Defendant admits that the Colorado River Indian Tribes (hereafter "Plaintiff" or "CRIT") is a federally recognized Indian tribe organized pursuant to the Indian Reorganization Act of 1934, 48 Stat. 984, 25 U.S.C. § 461 *et seq.*

3. As to the allegations in Paragraph 3, Defendant admits that Plaintiff is beneficial owner of certain funds, land, and other assets that Defendant holds in trust for Plaintiff. The remaining allegations in Paragraph 3 are Plaintiff's characterizations and conclusions of law to which no response is required.

## JURISDICTION

4. Paragraph 4 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

## PLAINTIFF'S ALLEGATIONS

5. As to the allegations contained in the first sentence of Paragraph 5, Defendant admits that the Colorado River Indian Reservation (hereafter "Reservation") was established by an Act of Congress dated March 3, 1865; that it was expanded by Executive Orders dated November 22, 1873, November 16, 1874, and May 15, 1876; and that the southern boundary was confirmed by Public Law 109-47. As to the allegations in the second sentence, Defendant admits that CRIT's reservation consists of almost 270,000 acres of land, located along both sides of the Colorado River in Arizona and California; that CRIT is beneficial owner of this land; and that Defendant holds title to this land in trust for Plaintiff. The allegation about Plaintiff "occupying" the Reservation is vague and ambiguous such that Defendant is unable to formulate an adequate response thereto. The referenced Acts of Congress, Executive Orders, and Public Law speak for themselves and are the best evidence of their contents.

6. As to the allegations in Paragraph 6, Defendant admits that Defendant holds certain trust assets and resources, including certain lands, sand, and gravel, in trust for Plaintiff, and that the Colorado River Indian Tribes' Irrigation Project and the Headgate Rock Hydroelectric Power Plant, which generates electrical power, are located within the exterior boundaries of the Reservation. Defendant avers that the remaining allegations in this paragraph are vague and ambiguous or that the allegations are Plaintiff's characterizations and conclusions of law to which no response is

required.

7. The allegations in Paragraph 7 are Plaintiff's characterizations and conclusions of law to which no response is required. The referenced Act or Acts speak for themselves and are the best evidence of their contents.

8. As to the allegations in Paragraph 8, Defendant admits that the Secretary of the Interior shares control and management of Plaintiff's trust property with Plaintiff. The referenced Act or Acts speak for themselves and are the best evidence of their contents.

9. As to the allegations in the first sentence of Paragraph 9, Defendant admits that the Secretary of the Interior shares control and management of Plaintiff's trust property with Plaintiff. Defendant avers that the remaining allegations in this paragraph are vague and ambiguous or that the allegations are Plaintiff's characterizations and conclusions of law to which no response is required.

10. The allegations in Paragraph 10 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and regulations speak for themselves and are the best evidence of their contents.

11. The allegation in first sentence of Paragraph 11 about Defendant "controlling" the Irrigation Project is vague and ambiguous, such that Defendant is unable to formulate an adequate response thereto. The allegations in the second through fourth sentences of Paragraph 11 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and regulations speak for themselves and are the best evidence of their contents.

12. As to the allegations in Paragraph 12, Defendant admits that the General Accounting Office has made certain findings relating to Indian irrigation projects. As to the allegations in the

second sentence of Paragraph 12, Defendant admits that BIA published a notice of Rate Adjustments for Indian Irrigation Projects in April 2007. The referenced report and notice of rate adjustments speak for themselves and are the best evidence of their contents.

13. The allegations in Paragraph 13 and all of its subparagraphs are Plaintiff's characterizations and conclusions of law to which no response is required. The statutes and regulations referenced in Paragraph 13 speak for themselves and are the best evidence of their contents.

14. The allegations in Paragraph 14 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited and referenced statutes and regulations speak for themselves and are the best evidence of their contents.

**COUNT ONE**

15. Defendant incorporates by reference herein its responses to the allegations in Paragraphs 1 through 14 above.

16. The allegations in paragraph 16 and all of its subparagraphs are Plaintiff's characterizations and conclusions of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

**COUNT TWO**

17. Defendant incorporates by reference herein its responses to the allegations in Paragraphs 1 through 16 above.

18. The allegations in paragraph 18 and all of its subparagraphs are Plaintiff's characterizations and conclusions of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

## COUNT THREE

19. Defendant incorporates by reference herein its responses to the allegations in Paragraphs 1 through 18 above.

20. The allegations in Paragraph 20 and all of its subparagraphs are Plaintiff's characterizations and conclusions of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

## COUNT FOUR

21. Defendant incorporates by reference herein its responses to the allegations in Paragraphs 1 through 20 above.

22. The allegations in Paragraph 22 and all of its subparagraphs are Plaintiff's characterizations and conclusions of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

The remainder of the Complaint is Plaintiff's Prayer for Relief, to which no response is required.

## AFFIRMATIVE DEFENSES

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent, and other equitable defenses.

4. To the extent that Plaintiff asserts claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, including, but not limited to, Colorado River Indian Tribes v. United States, 36 Ind. Cl. Comm. 217 (1975), and Colorado River Indian Tribes v. United States, 39 Ind. Cl. Comm. 42 (1976), those claims are barred in whole or in part by the doctrines of *res judicata* and/or *collateral estoppel*.

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction pursuant to 28 U.S.C. § 1500, among other provisions.

6. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 11th day of March, 2008,

RONALD J. TENPAS
Assistant Attorney General

*s/ Matthew M. Marinelli*
MATTHEW M. MARINELLI
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0293
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

MARK BARRON
ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0490
Tel: (202) 305-0241

Fax: (202) 353-2021

KENNETH DALTON
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

TERESA E. DAWSON
Office of Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, DC 20240